UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE ANTHONY CROWE, | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Civ. Action No. 11-2019 (ABJ) |
| | ) |
| WARDEN ISAAC JOHNSTON, | ) |
| | ) |
| **Respondent.** | ) |
| _____ | ) |

**MEMORANDUM OPINION**

Petitioner is an inmate at the Correctional Treatment Facility in the District of Columbia. He seeks a writ of habeas corpus because allegedly his "street time [credit] [was] taken by [the] parole board and not restored," in violation of the Fifth Amendment's prohibition against double jeopardy.  Pet. at 5 (Ground One).  In Ground Two, petitioner states only that it is "unconstitutional to have time taken to be orderd [sic] to complete same time twice."  *Id*.

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue [a show cause] order . . ., unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  A District of Columbia prisoner is entitled to habeas corpus relief when he establishes that his "custody is in violation of the Constitution or laws or treaties of the United States."  28 U.S.C § 2241(c)(3).  Upon review of the instant application, the court finds that petitioner has stated no grounds for issuing the writ. Therefore, the application will be denied.

Under District of Columbia law effective May 20, 2009, "a parolee shall receive credit toward completion of the sentence for all time served on parole ['street-time credit']," except when: (1) he "is convicted of a crime committed during a period of parole" that is punishable by

1

a prison term of "more than one year," (2) he is convicted of a crime punishable by a prison term "of one year or less unless the Commission determines that such forfeiture of credit is not necessary to protect the public welfare," or (3) he, while on parole "intentionally refuses or fails to respond to any reasonable request, order, summons, or warrant . . . ." D.C. Code § 24-406(c). Petitioner does not state when his street-time credit was "taken," and he does not supply any facts about his current custody.[1] Thus, whether the foregoing local statute is applicable to the instant petition is unknown.

Nevertheless, it is established that "jeopardy does not attach in probation or parole revocation proceedings because they are not new criminal prosecutions but rather continuations of the original prosecutions which resulted in probation or parole." *Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990) (citing Fifth, Sixth and Eighth circuit cases); *see U.S. v. DiFrancesco*, 449 U.S. 117, 137 (1980) ([T]here is no double jeopardy protection against revocation of probation [or parole] and the imposition of imprisonment [because] [such] criminal sanctions do

---

[1] Petitioner's reference to the "parole board" suggests that he is complaining about a decision rendered by the defunct District of Columbia Board of Parole. *See* D.C. Code § 24-131(b) (abolishing "the Board of Parole established in the District of Columbia Board of Parole Amendment Act of 1987"); *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) (discussing the transfer of paroling jurisdiction for District of Columbia prisoners to the United States Parole Commission by August 1998). If such is the case, petitioner would not be entitled to relief because: (1) any claims arising from the Parole Board's actions are moot, *Franklin*, 163 F.3d at 632, and (2) prior to May 2009, the rescission of street-time credit upon the revocation of one's parole was statutorily required, *U.S. Parole Com'n v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) [renumbered § 24-406(a)] as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); *see McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("Noble provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."); *Thompson v. District of Columbia Dep't of Corrections*, 511 F. Supp. 2d 111, 113 (D.D.C. 2007) (observing that D.C. Code § 24-406(a) mandated that "upon each of petitioner's parole revocations, the number of days he spent on parole was properly rescinded and, thus, no longer counted towards the service of his prison term[,] [thereby] . . . return[ing] him to the position he would have been but for his release to parole.") (citation omitted).

not involve the increase of a final sentence."); *accord Johnson v. United States*, 529 U.S. 694, 700 (2000) (acknowledging that "most courts" have treated "postrevocation sanctions as part of the penalty for the initial offense," thereby avoiding double jeopardy "difficulties"); *Campbell* v. *U.S. Parole Comm'n*, 563 F. Supp. 2d 23, 27 (D.D.C. 2008) (the double jeopardy clause "is simply not applicable to parole decisions.") (citations omitted); *see also Maddox v. Elzie*, 238 F.3d 437, 447 (D.C. Cir. 2001) ("Unlike a trial judge or prosecutor, the [parole] Board is not constrained by doctrines such as . . . the prohibition on double jeopardy.") (citation omitted). Therefore, petitioner's habeas petition premised solely on the Constitution's double jeopardy clause must be denied. A separate final order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
DATE:  November 29, 2011                United States District Judge